IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN DEWAYNE GRAY, # 268558, )<br>)<br>   Petitioner, )<br>)<br>v. )<br>)<br>ROLONDA CALLOWAY, et al., )<br>)<br>   Respondents. ) | CASE NO. 2:22-cv-459-MHT-SMD<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Stephen Dewayne Gray, a state inmate at the Elmore Correctional Facility in Elmore, Alabama, initiated this action by filing a petition in which he seeks habeas corpus relief under 28 U.S.C. § 2254. Doc. 1. In his § 2254 petition, Gray challenges his 2013 convictions entered in the Circuit Court of Madison County, Alabama, for the offenses of robbery in the first degree and assault in the second degree. Gray was sentenced to 30 years in prison for the robbery conviction and to 10 years for the assault conviction.

### II. DISCUSSION

Title 28 U.S.C. § 2241(d) allows Gray to bring a § 2254 habeas petition in either (a) the federal district court for the district wherein he is in custody (the Middle District of Alabama, where the Elmore Correctional Facility is located), or (b) the federal district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where the Circuit Court of Madison County is located). Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance

of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

The matters complained of by Gray stem from his convictions and sentences entered by the Circuit Court of Madison County. The records and witnesses relating to these matters are likely to be located in Madison County. Therefore, the Court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation by August 16, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 2nd day of August, 2022.

                      /s/ Stephen M. Doyle
                      STEPHEN M. DOYLE
                      CHIEF U.S. MAGISTRATE JUDGE