UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| STEPHEN DEWAYNE GRAY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 5:22-cv-1048-ACA-GMB |
| ROLANDA CALLOWAY, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Stephen Dewayne Gray filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his October 9, 2013 convictions for first-degree robbery and second-degree assault in Madison County, Alabama. (Doc. 1). The magistrate judge entered a report recommending that the court deny Mr. Gray's petition as untimely, that statutory and equitable tolling do not apply, and that Mr. Gray had not met the stringent standard to trigger the actual innocence exception for review of an otherwise time-barred claim. (Doc. 22).

This matter is currently before the court for a review of Mr. Gray's objections to the report and recommendation. (Doc. 29). In his objections, Mr. Gray appears to concede that his petition was untimely, but he argues the delay was not his fault. (*Id.* at 5).

To the extent Mr. Gray challenges the magistrate judge's finding that

statutory tolling does not apply, the court **OVERRULES** the objection.

The magistrate judge correctly found that Mr. Gray's one-year period to file a § 2254 petition began to run on February 21, 2015, one day after his deadline to file a compliant petition for writ of certiorari in the Alabama Supreme Court. (Doc. 22 at 7–8). Mr. Gray contends that he was unaware his attorney filed a noncompliant petition, but he has not explained how this changes the date on which his conviction became final for purposes of the one-year statute of limitations. (Doc. 29 at 6). Therefore, Mr. Gray had until February 22, 2016 to file his § 2254 petition. (Doc. 22 at 8 & n.7).

Under § 2244(d)(2), the limitation period is tolled while "a properly filed application for State post-conviction or other collateral review" of the underlying judgment or claim remains pending. 28 U.S.C. § 2244(d)(2); *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006). The magistrate judge correctly found that Mr. Gray's attempt to file a Rule 32 petition in Madison County Circuit Court on January 29, 2016 did not statutorily toll the February 22, 2016 deadline because the court denied Mr. Gray's motion to proceed *in forma pauperis*, and he did not pay the filing fee. (Doc. 22 at 9).

But even if the court assumes that Mr. Gray's attempt to file a Rule 32 petition on January 29, 2016 tolled the statute of limitations, the statute began to run again on June 29, 2016, when the Alabama Court of Criminal Appeals

dismissed Mr. Gray's petition appealing the trial court's denial of his *in forma pauperis* motion. (Doc. 21-4). Thus, at the very latest, the one-year statute of limitations expired sometime in July 2016. But Mr. Gray did not file his federal habeas petition until four years later in August 2022. (Doc. 1). Accordingly, Mr. Gray is not entitled to statutory tolling.

To the extent Mr. Gray argues that he is entitled to equitable tolling, the court also **OVERRULES** that objection. The one-year statute of limitations period may be equitably tolled if a petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (uotation marks and citation omitted). But equitable tolling is applied sparingly, *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), and "only in truly extraordinary circumstances," *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003).

As best the court can decipher, Mr. Gray argues that he is entitled to equitable tolling because the Madison County Circuit Court denied his applications to proceed *in forma pauperis* each time he attempted to file post-conviction motions with the court. (Doc. 29 at 5). It is not the place of this court to second-guess or review a state court's determination about application of state law to a party's indigency petition. But even if the court were to find that the Madison

3

County Circuit Court wrongfully denied Mr. Gray's motions to proceed *in forma pauperis*, he has not shown that he diligently pursued his rights. During the one-year limitations period, he filed one motion to proceed *in forma pauperis* and one appeal of the denial of that motion, and nothing else. (Doc. 21-2; *see* doc. 21-4). After the expiration of the period, he waited an additional three years before filing another motion in state court. (*See* doc. 11-16). Mr. Gray suggests that equitable tolling should apply because filed a petition in Barbour County Circuit Court in December 2017. (Doc. 29 at 7). The only evidence that Mr. Gray filed such a petition is his unsworn statement in his objections. But even assuming he did actually file the petition, December 2019 is nearly eighteen months after the limitations period expired.

Having reviewed Mr. Gray's objections, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. Consistent with that recommendation, the court **WILL DENY** Mr. Gray's § 2254 petition.

Rule 11 of the Rules Governing § 2254 Petitions requires the court to issue or deny a certificate of appealability when the court enters an order adverse to the petitioner. Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts. This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks omitted). The court finds that Mr. Gray has not satisfied either standard. Accordingly, the court **WILL DENY** a certificate of appealability.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this May 22, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE